UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x

JEAN RICHARD SEVERIN,

                              Plaintiffs,

        -against-

NEW YORK CITY DEPARTMENT OF
EDUCATION; STEVEN DORCELY, former
Principal of Urban Action Academy High School;
JORDAN BARNETT, former Assistant Principal of
Urban Action Academy High School; MICHAEL
PRAYOR, former Superintendent over Urban Action
Academy High School,

                              Defendants.

-----------------------------------------------------------------------x

ANSWER

19-cv-775 (ALC)

        Defendants the New York City Department of Education, Steven Dorcely, and Michael Prayor, by their attorney, Zachary W. Carter, Corporation Counsel of the City of New York, as and for their Answer to Plaintiff's Complaint, dated January 23, 2019, respectfully allege as follows:

        1.    Deny the allegations set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        2.    Deny the allegations set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

        3.    Deny the allegations set forth in paragraph "3" of the Complaint and respectfully refer the Court to the statute cited therein for a full and complete statement of its provisions.

        4.    Deny the allegations set forth in paragraph "4" of the Complaint, except admit that the New York City Department of Education is located at 52 Chambers Street, New

York, New York 10007, and respectfully refer the Court to the statute cited therein for a full and complete statement of its provisions.

5. Deny the allegations set forth in paragraph "5" of the Complaint and respectfully refer the Court to the statutes cited therein for a full and complete statement of their provisions.

6. Deny the allegations set forth in paragraph "6" of the Complaint and respectfully refer the Court to the statute cited therein for a full and complete statement of its provisions.

7. Admit the allegations set forth in paragraph "7" of the Complaint.

8. Denies knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny the allegations set forth in paragraph "9" of the Complaint and respectfully refer the Court to the statute cited therein for a full and complete statement of its provisions.

10. Deny the allegations set forth in paragraph "10" of the Complaint and respectfully refer the Court the statute cited therein for a full and complete statement of its provisions.

11. Admit the allegations set forth in paragraph "11" of the Complaint.

12. Admit the allegations set forth in paragraph "12" of the Complaint.

13. Admit the allegations set forth in paragraph "13" of the Complaint.

14. Upon information and belief, admits the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that in June 2014, Plaintiff was assigned to Urban Action Academy High School.

19. Deny the allegations set forth in paragraph "19"

20. Deny the allegations set forth in paragraph "20" of the Complaint, except admit that, in August 2014, Principal Dorcely asked Plaintiff to review a female student's Regents exam in the presence of the student and her parents only, and that Plaintiff conducted the aforementioned review.

21. Deny the allegations set forth in paragraph "20" of the Complaint.

22. Deny the allegations set forth in paragraph "22" of the Complaint, except admit that "Student A" was not assigned to Plaintiff as one of his students in his classes.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny the allegations set forth in paragraph "27" of the Complaint.

28. Deny the allegations set forth in paragraph "28" of the Complaint.

29. Deny the allegations set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth therein that Plaintiff filed a police report against Principal Dorcely.

30. Deny the allegations set forth in paragraph "30" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth therein that Plaintiff filed a police report against Principal Dorcely.

31. Deny the allegations set forth in paragraph "30" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation set forth therein that Plaintiff filed a police report against Principal Dorcely.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny the allegations set forth in paragraph "34" of the Complaint.

35. Deny the allegations set forth in paragraph "35" of the Complaint.

36. Deny the allegations set forth in paragraph "36" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning when and whether Plaintiff sought union assistance.

37. Deny the allegations set forth in paragraph "37" of the Complaint, except admit that a meeting was held with Superintendent Prayor, Plaintiff, Principal Dorcely, and a district representative where the parties agreed that Principal Dorcely would not oversee Plaintiff directly.

38. Deny the allegations set forth in paragraph "38" of the Complaint.

39. Deny the allegations set forth in paragraph "39" of the Complaint, except admit that in or about March 16, 2017, Defendants served Plaintiff with New York State Education Law § 3020-a charges.

40. Deny the allegations set forth in paragraph "40" of the Complaint, and respectfully refer the Court to the New York State Education Law § 3020-a charges served on or about March 16, 2017 for a full and complete statement of their contents.

41. Deny the allegations set forth in paragraph "41" of the Complaint, and respectfully refer the Court to the Hearing Officer's Decision, dated September 9, 2016, for a full and complete statement of its holdings.

42. Deny the allegations set forth at paragraph "42" of the Complaint, and respectfully refer the Court to the Hearing Officer's Decision, dated September 9, 2016, for a full and complete statement of its holdings.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint, except admits that in the fall of 2016, Plaintiff was reassigned to the Absent Teacher Reserve.

44. Deny the allegations set forth in paragraph "44" of the Complaint, except deny that Principal Dorcely retaliated against Plaintiff.

45. Deny the allegations set forth in paragraph "45" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegation concerning when Plaintiff received Education Law 3020-a charges, and admit that the Department of Education served Plaintiff with Education Law § 3020-a charges on January 27, 2017.

46. Deny the allegations set forth in paragraph "46" of the Complaint, except admit that Plaintiff was terminated from employment by Hearing Officer's Decision, dated July 17, 2017, and respectfully refer the Court to the Hearing Officer's Decision, dated July 17, 2017, for a full and complete statement of its holdings

47. Deny the allegations set forth in paragraph "47" of the Complaint.

48. Repeat and reallege each and every response set forth in paragraphs "1" through "47"

49. Deny the allegations set forth in paragraph "49" of the Complaint.

50. Deny the allegations set forth in paragraph "50" of the Complaint.

51. Repeat and reallege each and every response set forth in paragraphs "1" through "50" above, as if alleged fully herein.

52. Deny the allegations set forth in paragraph "52" of the Complaint.

53. Deny the allegations set forth in paragraph "53" of the Complaint.

54. Deny the allegations set forth in paragraph "54" of the Complaint.

55. Deny the allegations set forth in paragraph "55" of the Complaint.

56. Deny the allegations set forth in paragraph "56" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

**FIRST DEFENSE**

57. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**SECOND DEFENSE**

58. Defendants have not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

**THIRD DEFENSE**

59. At all times relevant to the acts alleged in the Complaint, Defendants acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith.

**FOURTH DEFENSE**

60. At all times relevant to the acts alleged in the Complaint, Defendants' actions were reasonable, proper, lawful, made in good faith, and without malice.

**FIFTH DEFENSE**

61. The individually named Defendants are entitled to qualified immunity.

**SIXTH DEFENSE**

62. The alleged constitutional violation was not caused by any municipal policy, practice, or custom.

**SEVENTH DEFENSE**

63. Defendant Michael Prayor was not personally involved in any alleged wrongdoing.

**WHEREFORE,** Defendants respectfully request that the Complaint be dismissed in its entirety, that the court enter judgment for Defendants, and that Defendants be granted such other and further relief as the Court deems just and proper.

Dated:	New York, New York
	April 19, 2019

**ZACHARY W. CARTER**
Corporation Counsel of the
  City of New York
*Attorney for the City of New York
and DOC Defendants*
100 Church Street, Room 2-106
New York, New York 10007
(212) 356-8768
cferreir@law.nyc.gov

By:	/s
	Christopher Ferreira
	*Assistant Corporation Counsel*