F32024
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
JEAN RICHARD SEVERIN,

                Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION;
STEVEN DORCELY, former Principal of Urban Action
Academy High School; JORDAN BARNETT, former
Assistant Principal of Urban Action Academy High
School; MICHAEL PRAYOR, former Superintendent
over Urban Action Academy High School,

                Defendants.
-------------------------------------------------------------------x

ECF Case

Case No.: 19-CV-775 (ALC)

JORDAN BARNETT'S
ANSWER TO THE
COMPLAINT

Defendant, JORDAN BARNETT, former Assistant Principal of Urban Action Academy High School ("Barnett"), as and for her Answer to the Plaintiff's Complaint alleges, upon information and belief, as follows:

## PRELIMINARY STATEMENT

1. Deny each and every allegation set forth in paragraph "1" of the Complaint, except admit that Plaintiff purports to proceed with this action in the above-named Court as set forth therein.

2. Deny each and every allegation set forth in paragraph "2" of the Complaint, except admit that Plaintiff purports to proceed with this action in the above-named Court as set forth therein.

## JURISDICTION AND VENUE

1

3. Deny each and every allegation set forth in paragraph "3" of the Complaint and respectfully refer all questions of law to the Court, except admit that the Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

4. Deny each and every allegation set forth in paragraph "4" of the Complaint and respectfully refer all questions of law to the Court, except admit that the Plaintiff purports to invoke the jurisdiction of the Court and venue of the action as stated therein.

5. Deny each and every allegation set forth in paragraph "5" of the Complaint and respectfully refer the Court to the statutes cited therein for a full and complete statement of their provisions.

6. Deny each and every allegation set forth in paragraph "6" of the Complaint and respectfully refer all questions of law to the Court, except admit that the Plaintiff purports to invoke the jurisdiction of the Court as stated therein.

7. Admit.

## PARTIES

8. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "8" of the Complaint.

9. Deny each and every allegation set forth in paragraph "9" of the Complaint and respectfully refer all questions of law to the Court.

10. Deny each and every allegation set forth in paragraph "10" of the Complaint and respectfully refer all questions of law to the Court.

11. Admit.

12. Admit.

13. Admit.

## STATEMENT OF FACTS

14. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "14" of the Complaint.

15. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "15" of the Complaint.

16. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "16" of the Complaint.

17. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "17" of the Complaint.

18. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "18" of the Complaint, except admit that in June 2014, Plaintiff was assigned to Urban Action Academy High School.

19. Deny each and every allegation set forth in paragraph "19" of the Complaint.

20. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "20" of the Complaint.

21. Deny each and every allegation set forth in paragraph "21" of the Complaint.

22. Deny each and every allegation set forth in paragraph "22" of the Complain. Except admit that "Student A" was not assigned to Plaintiff as one of his students in his classes at Urban Action Academy High School.

23. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "23" of the Complaint.

24. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "24" of the Complaint.

25. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "25" of the Complaint.

26. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "26" of the Complaint.

27. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "27" of the Complaint.

28. Deny each and every allegation set forth in paragraph "28" of the Complaint.

29. Deny each and every allegation set forth in paragraph "29" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to whether Plaintiff filed a police report regarding the purported incident.

30. Deny each and every allegation set forth in paragraph "30" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to whether Plaintiff filed a police report regarding the purported incident.

31. Deny each and every allegation set forth in paragraph "30" of the Complaint, except deny knowledge or information sufficient to form a belief as to the

truth of the allegations pertaining to whether Plaintiff filed a police report regarding the purported incident.

32. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "32" of the Complaint.

33. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "33" of the Complaint.

34. Deny each and every allegation set forth in paragraph "34" of the Complaint.

35. Deny each and every allegation set forth in paragraph "35" of the Complaint.

36. Deny each and every allegation set forth in paragraph "36" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to whether Plaintiff sought his union's assistance.

37. Deny each and every allegation set forth in paragraph "37" of the Complaint, except admit that a meeting was held with Superintendent Prayor, Plaintiff, Principal Dorcely and a district representative where the parties agreed that principal Dorcely would not oversee Plaintiff directly.

38. Deny each and every allegation set forth in paragraph "38" of the Complaint.

39. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "39" of the Complaint, except deny that Principal Dorcely initiated New York State Education Law section 3020-a charges in retaliation for Plaintiff's 2015 SCI complaint.

40. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "40" of the Complaint and respectfully refer the Court to the New York State Education Law section 3020-a charges served on or about March 16, 2017 for a full and complete recitation of their contents.

41. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "41" of the Complaint and respectfully refer the Court to the Hearing Officer's Decision, dated September 9, 2016, for a full and complete recitation of the holdings stated therein.

42. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "42" of the Complaint and respectfully refer the Court to the Hearing Officer's Decision, dated September 9, 2016, for a full and complete recitation of the holdings stated therein.

43. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "43" of the Complaint.

44. Deny each and every allegation set forth in paragraph "44" of the Complaint.

45. Deny each and every allegation set forth in paragraph "45" of the Complaint, except deny knowledge or information sufficient to form a belief as to the truth of the allegations pertaining to when Plaintiff received the Education Law section 3020-s charges.

46. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "46" of the Complaint except admit that Plaintiff was terminated from employment by Hearing Officer's Decision dated July 17, 2017 and

respectfully refer the Court to the Hearing Officer's Decision dated July 17, 2017 for a full and complete recitation of the holdings stated therein.

47. Deny each and every allegation set forth in paragraph "47" of the Complaint.

## FIRST CAUSE OF ACTION

### RETALIATION AGAINST PLAINTIFF FOR EXERCISING FREEDOM OF SPEECH IN VIOLATION OF PLAINTIFF'S FIRST AMENDMENT RIGHTS

48. Repeats, reiterates and realleges each and every response to paragraphs "1" through "47", inclusive, of the Complaint with the same force and effect as if fully set forth herein.

49. Deny each and every allegation set forth in paragraph "49" of the Complaint and respectfully refer all questions of law to the Court.

50. Deny each and every allegation set forth in paragraph "50" of the Complaint.

## SECOND CAUSE OF ACTION

### RETALIATION IN VIOLATION OF NEW YORK STATE CIVIL SERVICE LAW § 75-b

51. Repeats, reiterates and realleges each and every response to paragraphs "1" through "50", inclusive, of the Complaint with the same force and effect as if fully set forth herein.

52. Deny each and every allegation set forth in paragraph "52" of the Complaint and respectfully refer all questions of law to the Court.

53. Deny each and every allegation set forth in paragraph "53" of the Complaint.

54. Deny each and every allegation set forth in paragraph "52" of the Complaint and respectfully refer all questions of law to the Court.

55. Deny each and every allegation set forth in paragraph "55" of the Complaint.

**JURY DEMAND**

56. Deny each and every allegation set forth in paragraph "56" of the Complaint, except admit that Plaintiff purports to proceed as set forth therein.

**AS AND FOR A FIRST AFFIRMATIVE DEFENSE**

57. The Complaint, in whole or in part, fails to state a claim upon which relief may be granted.

**AS AND FOR A SECOND AFFIRMATIVE DEFENSE**

58. Defendant Barnett has not violated any rights, privileges, or immunities under the Constitution or laws of the United States, the State of New York, the City of New York, or any political subdivision thereof, nor have they violated any act of Congress providing for the protection of civil rights.

**AS AND FOR A THIRD AFFIRMATIVE DEFENSE**

59. At all times relevant to the acts alleged in the Complaint, Defendant Barnett acted reasonably, lawfully, properly, constitutionally, without malice, and in good faith.

### AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

60. At all times relevant to the acts alleged in the Complaint, Defendant Barnett's actions were reasonable, proper, lawful, made in good faith, and without malice.

### AS AND FOR A FIFTH AFFIRMATIVE DEFENSE

61. Defendant Barnett have not violated any clearly established constitutional or statutory right of which a reasonable person would have known, and are therefore protected by qualified immunity.

### AS AND FOR AN SIXTH AFFIRMATIVE DEFENSE

62. The alleged constitutional violation was not caused by any municipal policy, practice, or custom.

### AS AND FOR A SEVENTH AFFIRMATIVE DEFENSE

63. Defendant Barnett was not personally involved in any alleged wrongdoing.

### AS AND FOR AN EIGHTH AFFIRMATIVE DEFENSE

64. If any injuries and damages were sustained by the Plaintiff at the time and place and in the manner alleged in the Complaint, such damages and injuries are attributable, in whole or in part, to the culpable conduct of the Plaintiff and/or third parties, and if any damages are recoverable against Defendant Barnett, the amount of such damages shall be diminished in the proportion which the culpable conduct attributable to the Plaintiff and/or third parties bears to the culpable conduct which caused the damages pursuant to Section 1601 of the C.P.L.R.

### AS AND FOR A NINTH AFFIRMATIVE DEFENSE

65. Plaintiff has not suffered damages by reason of any act or omission attributable to Defendant Barnett.

### AS AND FOR A TENTH AFFIRMATIVE DEFENSE

66. Plaintiff's Complaint, and each cause of action asserted therein against Defendant Barnett, fails because if Plaintiff sustained any damages or harm, which Defendant Barnett denies, then any such damages or harm was the result of intervening and/or superseding causes for which Defendant Barnett bears no responsibility and has no liability.

### AS AND FOR AN ELEVENTH AFFIRMATIVE DEFENSE

67. Plaintiff's Complaint, and each cause of action asserted therein against Defendant Barnett is barred, and/or the damages allegedly incurred by Plaintiff should be reduced due to the Plaintiff's failure to take reasonable efforts to mitigate any alleged damages.

### AS AND FOR A TWELTH AFFIRMATIVE DEFENSE

68. Plaintiff's Complaint, and each cause of action asserted therein against Defendant Barnett, fails to state facts sufficient to support a specific request for damages because damages are speculative.

**WHEREFORE**, the Defendant Barnett demands judgment dismissing the Plaintiff's Complaint against Defendant Barnett together with the costs and disbursements of this action along with such other and further relief as the Court deems just and proper.

Dated: New York, New York
       May 8, 2019

                              ABRAMS, GORELICK, FRIEDMAN &
                              JACOBSON, LLP
                              Attorney for Defendant
                              Jordan Barnett

                              By: _____
                                   James E. Kimmel (6798)
                              One Battery Park Plaza - 4th Floor
                              New York, New York 10004
                              (212) 422-1200
                              File No.: 32024

TO:    GLASS & HOGROGIAN, LLP
          Attorneys for Plaintiff
          85 Broad Street, 18th Floor
          New York, New York 10004
          (212) 537-6859

          ZACHARY W. CARTER
          Corporation Counsel of the
          City of New York
          Attorneys for Defendants New
          York City Department of Education,
          Steven Dorcely and Michael Prayor
          100 Church Street, Room 2-106
          New York, New York 10007
          (212) 356-8768