# EXHIBIT E

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
---------------------------------------------------------------------x
In the Matter of the Application of

JEAN RICHARD SEVERIN,

                                 Petitioner,

For a Judgment Pursuant to Article 75 of the Civil Practice
Law and Rules

        --against--

THE DEPARTMENT OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                                 Respondents.
---------------------------------------------------------------------x

**VERIFIED
AMENDED PETITION**

Index No. 655086/2017

**TO THE SUPREME COURT OF THE STATE OF NEW YORK:**

Petitioner JEAN RICHARD SEVERIN ("Severin" or "petitioner"), by and through his attorneys, Mirer Mazzocchi Julien & Chickedantz, PLLC, brings this Verified Petition pursuant to CPLR 7511 to vacate the Hearing Officer's Opinion and Decision ("3020-a Decision" or "Decision") in petitioner's Disciplinary Hearing brought pursuant to NYS Education Law 3020-a ("3020-a hearing" or "Hearing") on the grounds that the Decision was arbitrary and capricious, imposed an excessive penalty, and was rendered in violation of petitioner's due process rights.

### THE PARTIES

1. At all times relevant, Severin has been licensed by the State of New York as a tenured Social Studies' teacher of Middle and High School Education.

2. Since on or about November 5, 1996, Severin has been employed by the New York City Department of Education ("DOE" or "respondent").

3. On or about June 25, 2014, Severin was hired by Principal Steven Dorcely to teach High School Social Studies at the Urban Action Academy ("UAA").

1

## OTHER PERSONS RELEVANT
## TO THE DETERMINATION OF THIS PETITION

4.  At all times relevant, upon information and belief, Richard D. Williams, Esq. ("Hearing Officer Williams") has been an attorney at law admitted to practice in the State of New York. Hearing Officer Williams was appointed by the New York State Education Department pursuant to an agreement between DOE and UFT which designated American Arbitration Association ("AAA") arbitrators as acceptable hearing officers for the DOE. Hearing Officer Williams was assigned as the Hearing Officer in the 3020-a hearing that gives rise to this petition ("the Second 3020-a Hearing").

5.  At all times relevant, upon information and belief, Kareen Evans-McKay, Esq. ("Evans-McKay") has been an attorney at law admitted to practice in the State of New York.

6.  Evans-McKay was legal counsel representing the DOE at the 3020-a hearing that gives rise to this petition.

7.  At all times relevant, upon information and belief, Wendy Star, Esq. ("Star") and Steven Friedman, Esq. ("Friedman") have been attorneys at law admitted to practice in the State of New York.

8.  Starr and Friedman work for the New York State United Teachers ("NYSUT") and were legal counsel representing Severin at the 3020-a hearing that gives rise to this petition.

## RELEVANT FACTUAL BACKGROUND AND PROCEDURAL HISTORY

9.  At all times relevant, respondent New York City Department of Education a/k/a the City School District of the City of New York ("DOE" or "respondent") has been the governing body duly organized and existing under New York State Education Law.

10. At all times relevant, respondent DOE has been charged by law with the duty of providing for the education of children living in the City of New York, State of New York.

11.     Throughout his employment with DOE, Severin has been a member of the United Federation of Teachers, Local 2, American Federation of Teachers, AFL-CIO ("UFT"), and policies and procedures governing the terms and conditions of his employment are contained in the Collective Bargaining Agreement between respondent DOE and the UFT.

12.     For the past 20 years, Severin's pedagogical abilities have never been at issue, and the two disciplinary hearings (discussed, *infra*) that have been held against Severin have not included specifications related to his competency as a teacher.

### THE DOE'S PRIOR DISCIPLINE OF PETITIONER IN SEPTEMBER, 2016

13.     On April 8, 2016, the administration of UAA received a complaint by a group of students claiming that petitioner had made inappropriate comments about Principal Dorcely during a classroom discussion. Moreover, on April 18, 2016, Assistant Principal Jordan Barnett witnessed petitioner "closing his eyes" during a lesson while he was showing a cartoon clip that she considered "inappropriate."

14.     On May 6, 2016, petitioner was advised by Principal Dorcely that he was being removed from his position as Social Students teacher at UAA and reassigned to a temporary reassignment center, stating: "I have started a 3020-a proceeding against you."

15.     On May 10, 2016, petitioner was served with 3020-a charges. ("First 3020-a Charges"). The Specifications included allegations of minor misconduct for dates between October 2015 and April 2016. Notably absent from the charges were any specifications related to the April 8 or April 18, 2016 incidents.

16.     Between June 24, 2016 and August 9, 2016, Severin's hearing on the First 3020-a Charges took place. Principal Dorcely and A.P. Barnett offered testimony in support of the DOE, and Superintendent Michael Prayor, among others, offered testimony in support of Severin.

17.     On September 9, 2016, Hearing Officer James A. Brown issued his decision, and found petitioner guilty of some of the specifications and imposed a fine of $2,000 as the appropriate penalty. (First 3020-a Decision is attached hereto as Exhibit A.) Hearing Officer Brown credited petitioner's theory of defense that Principal Dorcely was motivated by an "animus" based on petitioner's SCI report against Principal Dorcely, while also basing the minor penalty determination on the mitigating fact that "there is no evidence of any prior disciplinary penalties in [Severin]'s record." (Ex. A, p. 29-30).

18.     On September 19, 2016, rather than return him to his former position at UAA, the DOE reclassified Severin to Absent Teacher Reserve status ("ATR"), where he was required to rotate from school-to-school as a short-term substitute. Among those rotations was a six-week stint as a floating substitute at Marketing and Legal Studies Middle School ("MLS").

## SECOND 3020-A PROCEEDING AND SUBJECT OF THE INSTANT PETITION

19.     On or about March 5, 2017, Severin was served with a set of five (5) 3020-a Specifications ("First Set of Specifications") alleging that (i) on April 8, 2016, petitioner had committed "verbal abuse" as defined by Chancellor's Regulation A-421; (ii) that on April 18, 2016, petitioner had appeared to "be asleep and/or in a relaxed position" during his class while students watched an inappropriate cartoon clip and listened to inappropriate music; and (iii) included a catch-all specification that summarized the specifications that had already been adjudicated in the First 3020-a Proceeding. (See, Second 3020-a Decision, pp. 3-4, attached hereto as Exhibit B).

20.     On or about March 16, 2017, the DOE served petitioner with two (2) additional Specifications ("Second Set of Specifications") involving a handful of unrelated and minor conduct that occurred while petitioner was a rotating substitute at MLS. (See, Ex. B, pp. 4-6). Similar to the First 3020-a Proceeding, none of the specifications within the Second 3020-a Charges against petitioner related to his pedagogical abilities.

4

21. On March 16, 22, 24; and April 3, 5; May 18, 19, 22, 31; and June 1, 2017, petitioner's second 3020-a hearing was held pursuant to N.Y. Education Law §3020-a ("Second 3020-a Hearing"). (The transcripts from the Second 3020-a Hearing and accompanying Exhibits are incorporated hereto by reference and attached). The DOE's case-in-chief centered around the allegations that petitioner had committed "verbal abuse" pursuant to Chancellor's Regulation A-421, and that he was "beyond remediation," as he had already been disciplined in the First 3020-a Proceeding.

22. During the Second 3020-a Hearing, Principal Dorcely and A.P. Barnett appeared as witnesses for the DOE and testified about the specifications in petitioner's First 3020-a Hearing. Moreover, Principal Dorcely introduced into the record some of the same exhibits that had also been exhibits in petitioner's First 3020-a Proceeding.

23. The DOE attorney Ms. Evans-McKay's summation consisted almost entirely of the April 8, 2016 verbal abuse allegations. During her summation, Evans-McKay misrepresented important facts to Hearing Officer Williams related to the April 8, 2016 and April 18, 2016 allegations, stating that petitioner's conduct at issue in those allegations had occurred while Severin "was undergoing or had undergone a 3020-a proceeding," (Tr. p. 1557). However, the First 3020-a Proceeding did not commence until June 24, 2016. The DOE also falsely stated that the First 3020-a Decision had been rendered on September 9, 2015, when it was really dated September 9, 2016. (Tr. p. 1592; See, First 3020-a Decision, Ex. A).

24. Accordingly, on July 17, 2017, Hearing Officer Williams rendered a decision ("the Second 3020-a Decision") finding petitioner guilty of, *inter alia*, committing verbal abuse on April 8, 2016, as defined by Chancellor's Regulation A-421, and imposing a penalty of termination. In finding termination to be the appropriate penalty, Hearing Officer Williams stated: "I find that it is highly unlikely [petitioner] can or will correct his behavior." (Second 3020-a Dec. Ex B, p. 36).

Hearing Officer Williams also acknowledged that the main reason for petitioner's termination was not his failure to follow directives, noting that: "at the crux of petitioner's misconduct is a personal inability to let his resentment go, and to a lesser extent, his ability to conform to directives." (Second 3020-a Dec., Ex. B, p. 36).

25. Petitioner received the decision by mail on July 18, 2017, and the envelope containing the Second 3020-a Decision is attached hereto as Exhibits C.

**THE SECOND 3020-A DECISION WAS ARBITRARY AND CAPRICIOUS, RENDERED IN VIOLATION OF PETITIONER'S DUE PROCESS RIGHTS, AND THE PENALTY WAS SHOCKING TO THE JUDICIAL SENSE OF FAIRNESS**

26. A 3020-a hearing is a compulsory arbitration provided for tenured teachers by N.Y. Education Law § 3020-a. As such, 3020-a decisions must be "in accord with due process and supported by adequate evidence, and must also be rational and satisfy the arbitrary and capricious standards of CPLR Article 78." *Lackow v. Department of Educ. of the City of New York*, 51 A.D.3d 563, 568 (1st Dep't 2008).

27. As further detailed in the accompanying Memorandum of Law, the DOE failed to consolidate the First Set of Specifications for conduct that occurred on April 8 and 18, 2016 with the First 3020-a Proceeding, which took place between June 24, 2016 and August 9, 2016. Instead, the DOE brought the April 8 and 18, 2016 conduct as a second 3020-a proceeding after the First 3020-a Proceeding had concluded. The Hearing Officer's failure to acknowledge this relevant chronology of events was arbitrary and capricious, as petitioner's spotless record should have been considered as a mitigating factor.

28. As further detailed in the accompanying Memorandum of Law, Hearing Officer Williams' determination that the statements "stated to students" by petitioner consisted of "verbal abuse" pursuant to Chancellor's Regulation A-421 and the primary basis for petitioner's termination violated petitioner's right to due process, as "Regulation A-421, by its terms, and in the context of

6

surrounding rules, is addressed to measures taken by teachers to discipline students... [but] Regulation A-421 makes no direct or indirect reference to words that are vulgar, sexually explicit, or obscene; to those used in a non-disciplinary mode; or to those that might be considered objectionable on any grounds not enumerated." *Kramer v. New York City Bd. of Ed.,* 715 F.Supp.2d 335 (E.D.N.Y., 2010). Petitioner was not accused of—and the Hearing Officer did not find him guilty of—making any statements to students in the course of disciplining them.

29. As further detailed in the accompanying Memorandum of Law, Hearing Officer Williams' irrationally failed to consider all of the circumstances and relevant evidence, including many mitigating factors.

30. As further detailed in the accompanying Memorandum of Law, considering the Hearing Officer's own characterization of the conduct complained of in the sustained specifications from the Second Set of Specifications, it is clear that without the First Set of Specifications—the conduct that occurred prior to petitioner's First 3020-a Hearing, Hearing Officer Williams would not have imposed termination as a penalty against petitioner.

31. The State Education Commissioner ("Commissioner") is empowered to establish rules and procedures for the conduct of 3020-a hearings. Pursuant to said power, the Commissioner has been empowered to and has issued decisions upon appeal of 3020-a hearings. Hearing Officers and courts are obligated to comply with these rules and procedures because these rules and procedures are the exclusive method of disciplining a tenured teacher in New York State.

32. The purpose of New York Education Law § 3020-a is to protect tenured teachers from arbitrary imposition of formal discipline and ensure due process is afforded in light of their constitutionally protected property right in tenure.

33. This Court may vacate a hearing officer's decision in a 3020-a hearing based upon any of the grounds set forth in CPLR 7511, or if the decision is arbitrary and capricious under CPLR

7

7803, or if it was made in violation of New York Education Law, the Regulations of the Commissioner, the Regulations of the New York State Education Department ("NYSED"), the Regulations of DOE's Chancellor, and as provided for in the due process clauses of the United States and New York State Constitutions. Accordingly, this petition seeks to vacate the 3020-a decision herein on the following grounds:

(I)  The Decision violated Petitioner's Due Process Rights;

(II)  The Hearing Officer exceeded and imperfectly executed his power;

(III)  The Hearing Officer abused his discretion as a matter of law by the imposition of the penalty of termination;

(IV)  The Decision rendered by the Hearing Officer is arbitrary and capricious;

(V)  The Decision rendered by the Hearing Officer is not rational; and

(VI)  The decision rendered is inconsistent with public policy.

**WHEREFORE**, petitioner prays that this Court grant the following relief:

A.  A judgment vacating the Decision of the Hearing Officer and reinstating petitioner to a full-time, permanent teaching position consistent with his license and in a middle or high school in his Borough;

B.  A judgment in the nature of prohibition be issued out of this Court directed to respondent DOE prohibiting it from enforcing the terms of the Decision;

C.  That DOE and those acting in concert with it be prohibited from deducting pay from petitioner's payroll checks pending a decision on this Petition;

D.  For Petitioner's costs and reasonable attorney's fees in connection with this Petition; and

E.  For such other legal and equitable relief as this Court deems just and proper.

Dated: New York, New York
      September 14, 2017

Respectfully submitted,

MIRER MAZZOCCHI JULIEN & CHICKEDANTZ, PLLC

By: Maria L. Chickedantz
*Attorneys for Petitioner*
150 Broadway, 12th floor
New York, NY 10038
(212) 231-2235

To:    John Corbin Carter
        Assistant Corporation Counsel
        100 Church Street
        New York, NY 10007
        (212) 356-1000
        *Attorneys for Respondent DOE*

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF NEW YORK
-------------------------------------------------------------------x
In the Matter of the Application of

JEAN RICHARD SEVERIN,

                                       Petitioner,

For a Judgment Pursuant to Article 75 of the Civil Practice
Law and Rules

       --against--

THE DEPARTMENT OF EDUCATION OF THE CITY
SCHOOL DISTRICT OF THE CITY OF NEW YORK,

                                  Respondents.
-------------------------------------------------------------------x

**VERIFICATION**

STATE OF NEW YORK    )
                                )ss:
COUNTY OF NEW YORK  )

JEAN RICHARD SEVERIN, being duly sworn says:

       I am the petitioner in the proceeding herein; I have read the annexed Verified Amended Petition, know the contents thereof and the same are true of my knowledge, except those matters therein which are stated to be alleged on information and belief; and as to those matters I believe them to be true.

                                                                      Jean Richard Severin

Sworn to before me this

14 day of September, 2017

_____
Notary Public
            MARIA CHICKEDANTZ
     NOTARY PUBLIC-STATE OF NEW YORK
           NO 02CH6315888
      QUALIFIED IN KINGS COUNTY
   MY COMMISSION EXPIRES 12-01-2018