19 CV 00775 (MKV) (RWL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JEAN RICHARD SEVERIN,

                        Plaintiff,

      -against-

NEW YORK CITY DEPARTMENT OF EDUCATION; STEVEN DORCELY, FORMER PRINCIPAL OF URBAN ACTION ACADEMY HIGH SCHOOL; JORDAN BARNETT, FORMER ASSISTANT PRINCIPAL OF URBAN ACTION ACADEMY HIGH SCHOOL; MICHAEL PRAYOR, FORMER SUPERINTENDENT OVER URBAN ACTION ACADEMY HIGH SCHOOL,

                        Defendants.

---

**PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON THE PLEADINGS**

---

**GLASS HARLOW & HOGROGIAN LLP**

Attorneys for Plaintiff Jean Richard Severin
85 Broad Street, 18th Floor @ Wework
New York, NY 10004

Bryan D. Glass, Esq.
Tel: 212-537-6859
bglass@ghnylaw.com

Served May 22, 2020

## TABLE OF CONTENTS

TABLE OF AUTHORITIES ............................................................................................. ii
PRELIMINARY STATEMENT ...................................................................................... 1
STATEMENT OF FACTS ............................................................................................... 2
ARGUMENT .................................................................................................................... 7
    POINT I ..................................................................................................................... 7
        PLAINTIFF HAS STATED A VALID CLAIM FOR FIRST AMENDMENT
        RETALIATION ................................................................................................... 7
    POINT II .................................................................................................................... 8
        PLAINTIFF'S CLAIMS ARE NOT COLLATERALLY ESTOPPED BY HIS PRIOR
        DISCIPLINARY PROCEEDINGS AS NO PREVIOUS FINDING REJECTING HIS
        RETALIATION THEORY WAS DECIDED ............................................................. 8
    POINT III ................................................................................................................. 10
        DEFENDANTS WAIVED THEIR RIGHT FOR THEIR JOINT MOTION
        ARGUMENTS WHEN THEY FILED AN ANSWER. ............................................. 10
    POINT IV ................................................................................................................ 11
        PLAINTIFF HAS MADE A VALID CLAIM UNDER CSL § 75-B .......................... 11
CONCLUSION ............................................................................................................... 12

# TABLE OF AUTHORITIES

**Cases**

*Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*,
  411 F.3d 306 (2d. Cir. 2005) .................................................................................. 7

*Connick v. Meyers*,
  461 U.S. 138 (1983) ................................................................................................ 7

*Denicolo v. Bd. of Educ. of N.Y.*,
  328 F. Supp. 3d 204 (S.D.N.Y. 2018) ................................................................. 8, 9

*Garcetti v. Ceballos*,
  547 U.S. 410 (2006) ................................................................................................ 7

*Giove v. City of New York*,
  No. 15-CV-02998 (PKC) (VMS), 2018 U.S. Dist. LEXIS 18909
  (E.D.N.Y. Feb. 5, 2018) ......................................................................................... 10

*Leon v. N.Y. City Dep't of Educ.*,
  612 Fed. Appx. 632 (2d Cir. 2015) ....................................................................... 10

*Mazur v. N.Y. City Dep't of Educ.*,
  53 F. Supp. 3d 618 (S.D.N.Y. 2014) ...................................................................... 8

*Morey v. Somers Cent. Sch. Dist.*,
  No. 06cv1877, 2007 U.S. Dist. LEXIS 20265, (S.D.N.Y. Mar. 21, 2007) ........... 10

*Peterson v. New York City Dep't of Educ.*,
  No. 18-cv-01515-ILG-RER (E.D.N.Y. May 20, 2020) .......................................... 8

*Senno v. Elmsford Union Free Sch. Dist.*,
  812 F. Supp. 2d 454 (S.D.N.Y. 2011) ................................................................... 10

*Washington v. N.Y.C. Dep't of Educ.*,
  740 Fed. Appx. 730 (2d Cir. July 9, 2018) ............................................................. 8

*Washington v. N.Y.C. Dep't of Educ.*,
  No. 16cv9588, 2017 WL 4687982, at *8 (S.D.N.Y. Oct. 16, 2017) ....................... 8

*Wetzel v. Town of Orangetown*,
  2008 U.S. Dist. LEXIS 112370, *35-37 (S.D.N.Y. May 16, 2008) ....................... 11

*Woodlock v. Orange Ulster B.O.C.E.S.*,
  281 F. App'x 66 (2d. Cir. 2008) .............................................................................. 7

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN RICHARD SEVERIN,

            Plaintiff,

-against-

NEW YORK CITY DEPARTMENT OF EDUCATION; STEVEN DORCELY, FORMER PRINCIPAL OF URBAN ACTION ACADEMY HIGH SCHOOL; JORDAN BARNETT, FORMER ASSISTANT PRINCIPAL OF URBAN ACTION ACADEMY HIGH SCHOOL; MICHAEL PRAYOR, FORMER SUPERINTENDENT OVER URBAN ACTION ACADEMY HIGH SCHOOL,

            Defendants.

19-CV-00775 (MKV) (RWL)

**PLAINTIFF'S OPPOSITION TO DEFENDANTS' JOINT MOTION FOR JUDGMENT ON PLEADINGS**

## PRELIMINARY STATEMENT

Plaintiff Richard Severin commenced this action seeking monetary and equitable relief based upon Defendants' violations of 42 U.S.C. Section 1983 and New York Civil Service Law Section 75-b (hereinafter "CLS § 75-b") as a result of maltreatment and retaliatory actions taken against him after he raised matters of a public concern while he was employed as a teacher by Defendant New York City Department of Education (NYCDOE).

Defendants' joint motion to for judgment on the pleadings should be denied because Plaintiff has made a legitimate and plausible First Amendment retaliation claim, as the speech in question was made by Plaintiff as a concerned citizen and member of the community on a matter of public concern, specifically, fraud and misconduct in connection with fraudulent test

grade changes in public education. Further, Plaintiff's state law claim, pursuant to CSL § 75-b, should not be dismissed because he has alleged sufficient facts to support the claim and has exhausted all his remedies under his applicable Collective Bargaining Agreement. Finally, Plaintiff's First Amendment retaliation claims were not the focus of his two 3020-a hearings, nor the hearing officers' decisions, and therefore cannot be barred by collateral estoppel or res judicata.

## STATEMENT OF FACTS

Mr. Severin began his employment with Defendant NYCDOE in 1996 as a Social Studies teacher. *Compl.* ¶ 14. He received tenure in or around 2008 while at P.S. 40. *Id.* ¶ 15. Until his termination in July 2017, Mr. Severin had twenty-one years of service with the NYCDOE. *Id.* ¶ 17.

In June 2014, Principal Stephen Dorcely hired Mr. Severin to teach at Urban Action Academy High School (hereinafter "UAA") in Canarsie, Brooklyn, after his previous school was being phased out by the NYCDOE. *Id.* ¶ 18. In the summer of 2014, Principal Dorcely asked Mr. Severin to lead and begin planning and writing the curriculum for the social studies department at UAA for the 2014-2015 school year and to be on Principal Dorcely's emergency building response team. *Id.* ¶ 19.

In August 2014, Mr. Severin was in a planning session at the school with the planning team to plan curriculum for the upcoming school year. During the planning session, Principal Dorcely summoned Mr. Severin from the planning session and brought him to a room adjacent to Principal Dorcely's office. At that time, Principal Dorcely presented Mr. Severin

with a female student's (hereinafter "Student A") Regents test because she failed the test, and consequently, could not graduate. Student A was with Principal Dorcely and Mr. Severin at the time of the meeting. Principal Dorcely asked Mr. Severin to review the Regents test and determine what questions Student A could improve on. Mr. Severin reviewed the test and pointed out issues with the Document Based Questions (hereinafter "DBQs"). Principal Dorcely took out a pencil as if he were going to make changes on the student's test paper. *Id.* ¶ 20. When Principal Dorcely looked at Mr. Severin, Mr. Severin could not control his body language and crossed his hands, in an innocent motion, and retracted back his head, as he was shocked at what he was witnessing as the student started to change the Regents answers on the test with Principal's Dorcely's encouragement. Principal Dorcely then proceeded to put the pencil and test away and thanked Mr. Severin for his time. *Id.* ¶ 21. Student A was not assigned to him as one of Mr. Severin's students in his classes. As such, Mr. Severin's review of the student's test papers was not part of his official duties. *Id.* ¶ 22.

In or about April 2015, Mr. Severin was speaking to a United Federation of Teachers (hereinafter "UFT") district representative (not from the school) when the August 2014 testing impropriety incident came up in conversation. The union representative immediately advised Mr. Severin to report the incident to the New York City Special Commissioner of Investigation (SCI). *Id.* ¶ 23. Mr. Severin immediately reported the incident to SCI. When Mr. Severin made his complaint, he gave his name and information to SCI. As such, the complaint was not anonymous, and Mr. Severin identified himself as the reporter. At some point between April and June 2015, SCI transferred the case to the NYCDOE Office of Special Investigations (hereinafter "OSI") for investigation. *Id.* ¶¶ 24-25.

In June 2015, OSI investigators questioned Mr. Severin, Student A, and Principal Dorcely regarding Mr. Severin's allegation against Principal Dorcely, and informed Principal Dorcely that Mr. Severin was the individual who had made the initial complaint about the testing impropriety. *Id.* ¶¶ 26-27. On or about September 8, 2015, Principal Dorcely informed the staff at a professional development meeting that there is a teacher who reported him, but he is now back and stronger than ever and he is going to go in beast mode. Principal Dorcely was looking at Mr. Severin at the meeting when he made this statement. *Id.* ¶ 28.

On or about September 17, 2015, shortly after Mr. Severin returned to school for the 2015-2016 school year, Principal Dorcely approached him after a meeting and threatened, "This year you're done and you're gone, I'm going to fuck you up." Mr. Severin subsequently filed a police report against Principal Dorcely regarding this statement. *Id.* ¶¶ 29-30. On or about October 2015, Principal Dorcely shoved Mr. Severin while in the school. Mr. Severin filed a second police report against Principal Dorcely regarding this assault. On or about November 2015, Mr. Severin filed a third police report that Principal Dorcely took pictures with his cellphone of him in an unauthorized manner. *Id.* ¶¶ 30-31.

Mr. Severin had received an "Effective" overall rating for the 2014-2015 school year from Principal Dorcely. *Id.* ¶ 33. Beginning in September 2015, however, Principal Dorcely and his administration issued Mr. Severin evaluations that were rated "Ineffective" in every category. Mr. Severin continued to relentlessly receive approximately 46 negative evaluations and/or disciplinary letters from September through November 2015 from Principal Dorcely and his administration. Almost every week during the 2015-2016 school year, Mr. Severin

4

was summoned to multiple disciplinary meetings with the administration for trivial and fabricated allegations against him. *Id.* ¶¶ 32-35.

On or about late November 2015, Mr. Severin sought his union's assistance for relief from the relentless retaliation by Principal Dorcely. A meeting was held with Superintendent Michael Prayor, attended by Mr. Severin and Principal Dorcely and the Superintendent and Mr. Severin's UFT district representative. At the meeting, the parties agreed to a "cooling off" period at that time, in which Principal Dorcely would not observe or interact with Mr. Severin directly. On or about January 2016, Principal Dorcely reneged on the cooling off period by threatening to pursue Section 3020-a disciplinary charges against Mr. Severin seeking his termination. Superintendent Prayor did nothing to reimpose or maintain the cooling off period. *Id.* ¶¶ 36-38.

In May 2016, Mr. Severin was served a first set of New York State Education Law § 3020-a (hereinafter "3020-a") Charges and Specifications seeking termination of his employment. Principal Dorcely initiated these charges in retaliation for Mr. Severin's 2015 SCI complaint. At that time, Mr. Severin was reassigned from the Urban Action Academy school to a reassignment center. Mr. Severin was charged with 18 disciplinary specifications in his first Section 3020-a case. Hearing Officer James Brown was appointed to hear the first set of charges. In a Decision dated September 9, 2016, Hearing Officer Brown dismissed most of the specifications against Mr. Severin and issued him a $2,000 fine. In his decision, Hearing Officer Brown explicitly noted that Principal Dorcely had exhibited personal animus towards Plaintiff and the "cooling off" period ordered by Superintendent Prayor. Mr. Severin received Hearing Officer Brown's Section 3020-a decision in September 2016. *Id.* ¶¶ 39-42.

Mr. Severin was permanently reassigned from Principal Dorcely's school to the Absent Teacher Reserve (hereinafter "ATR") pool as a roving substitute teacher. Although Mr. Severin no longer taught at Urban Action Academy, Principal Dorcely continued his campaign of retaliation against him by causing a second set of Section 3020-a disciplinary charges to be served against him soon after Hearing Officer Brown refused to fire Mr. Severin based on the first set of charges. *Id.* ¶¶ 43-44. In or around February or March 2017, Mr. Severin received the second set of 3020-a charges, including additional charges relating back to his time at Urban Action Academy that could have been included as part of the first Section 3020-a proceeding before Hearing Officer James Brown. *Id.* ¶ 45.

Another Hearing Officer, Richard Williams, was assigned to hear this new set of charges against Mr. Severin. In a Decision dated July 17, 2017, Hearing Officer Richard Williams terminated Mr. Severin's employment. As a result of his retaliatory termination initiated by Principal Dorcely and the NYCDOE, Mr. Severin has suffered substantial loss of salary and benefits, emotional damages, and psychological distress, as well as loss of per session opportunities and other compensation. *Id.* ¶¶ 46-47. He has not been able to return to full-time teaching since his retaliatory termination.

# ARGUMENT

## POINT I

### PLAINTIFF HAS STATED A VALID CLAIM FOR FIRST AMENDMENT RETALIATION

In order to prevail on a First Amendment retaliation claim, a plaintiff must demonstrate that he engaged in speech protected by the First Amendment, that he suffered an adverse employment action, and that a causal connection between the two existed, "in that the speech was a substantial or motivating factor for the adverse employment action." *Burkybile v. Bd. of Educ. of Hastings-On-Hudson Union Free Sch. Dist.*, 411 F.3d 306, 313 (2d. Cir. 2005). The threshold inquiry in any First Amendment retaliation case is whether the employee was speaking as a citizen on a matter of public concern. See *Connick v. Meyers*, 461 U.S. 138, 147 (1983). In determining whether a public employee has engaged in constitutionally protected speech, the court must determine "whether the employee spoke as a citizen on a matter of public concern." *Woodlock v. Orange Ulster B.O.C.E.S.*, 281 F. App'x 66, 68 (2d. Cir. 2008) (quoting *Garcetti v. Ceballos*, 547 U.S. 410, 418 (2006)).

Here, Mr. Severin reported his supervisor, Principal Dorcely, for test fraud to the New York City Special Commissioner of Investigation, an agency outside of the NYCDOE, that is accessible to the average citizen. This report was made outside Mr. Severin's chain of command. The facts of the complaint clearly plead a barrage of retaliatory actions by Principal Dorcely and the NYCDOE against him after he engaged in this protected activity under the First Amendment. *Peterson v. New York City Dep't of Educ.,* No. 18-cv-01515-ILG-RER

(E.D.N.Y. May 20, 2020) Consequently, his First Amendment retaliation claim should proceed to discovery at this juncture.

### POINT II

**PLAINTIFF'S CLAIMS ARE NOT COLLATERALLY ESTOPPED BY HIS PRIOR DISCIPLINARY PROCEEDINGS AS NO PREVIOUS FINDING REJECTING HIS RETALIATION THEORY WAS DECIDED**

In *Denicolo v. Bd. of Educ. of N.Y.*, 328 F. Supp. 3d 204, 211-12 (S.D.N.Y. 2018), the district court stated that "section 3020-a decisions are not generic or interchangeable - they vary in their determinations of fact and law and, therefore, in their preclusive effect. Whether a § 3020-a determination has preclusive effect depends on the precise issue determined as compared to the issue in the subsequent litigation. Compare, e.g., *Mazur v. N.Y. City Dep't of Educ.*, 53 F. Supp. 3d 618, 630-31 (S.D.N.Y. 2014) (finding collateral estoppel barred the plaintiff's disability discrimination and hostile work environment claims where the hearing officer in the § 3020-a hearing necessarily decided those issues with specific reference to the plaintiff's central defenses), with *Washington v. N.Y.C. Dep't of Educ.*, No. 16cv9588, 2017 U.S. Dist. LEXIS 171456, 2017 WL 4687982, at *8 (S.D.N.Y. Oct. 16, 2017) (holding that although the discrimination claim raised in § 3020-a hearing was preclusive of the issue in federal court, the retaliation claim was not because the hearing officer only referred to 'retaliation' once in the opinion and never "explicitly addressed or ruled on the merits of any retaliation argument"), aff'd sub nom. *Washington v. N.Y.C. Dep't of Educ.*, No. 17cv3776, 740 Fed. Appx. 730, 2018 U.S. App. LEXIS 18527, 2018 WL 3342324 (2d Cir. July 9, 2018)."

In this case, Defendants cite to several instances where Mr. Severin argued retaliation, both in his 3020-a hearings, and in his subsequent Article 75 appeal. Just like in *Denicolo*, Defendants also argue that the hearing officer determined that the plaintiff's disciplinary termination was warranted. However, as in *Denicolo*, Defendants are unable to point to any decision or analysis by a hearing officer or judge on the merits of plaintiff's retaliation claim, and the Court similarly found no decision by the hearing officer on the issue of retaliation. In fact, the closest a hearing officer came to deciding on retaliation would be the first Section 3020-a hearing officer, James A. Brown, Esq., In his decision, he dismissed many charges against Mr. Severin and stated that he was "mindful of the relationship" between Mr. Severin and Principal Dorcely, as well as of the "administrator's animus" towards Mr. Severin, which bespeaks a finding of retaliation against Mr. Severin *in Mr. Severin's favor, and could be construed as a basis for collateral estoppel against Defendants*. In contrast, the second 3020-a, hearing officer Richard D. Williams, Esq, issued no decision or analysis whatsoever on retaliation claims for the Plaintiff complaining about Principal Dorcely's alleged testing misconduct.

In *Denicolo*, the district court stated: "Based on the finding of misconduct, the plaintiff's employment was terminated. The hearing officer made no specific finding on whether the school had retaliated against the plaintiff." Similar to the instant case, *Denicolo* filed an Article 75 in Supreme Court and it too was dismissed. Nonetheless, the Court denied the Defendants' collateral estoppel argument stating "There is no indication that the hearing officer addressed, much less decided, whether the charges leading to the plaintiff's termination were driven, even in part, by retaliatory intent. Thus, the defendants' collateral estoppel argument fails. *See also Leon v. N.Y. City Dep't of Educ.*, 612 Fed. Appx. 632, 635 (2d Cir.

9

2015) (reversing the district court's dismissal based on collateral estoppel because "[t]here [wa]s no indication that the Section 3020-a hearing addressed, much less actually decided, whether the charges leading to [the plaintiff's] termination were driven, even in part, by discriminatory or retaliatory intent"); *see also Washington v. N.Y.C. Dep't of Educ.,* 2017 U.S. Dist. LEXIS 171456, 2017 WL 4687982, at *8-9 (holding the plaintiff's retaliation claims were not barred by collateral estoppel because the § 3020-a hearing officer never explicitly addressed or ruled on the merits of any retaliation argument); *Giove v. City of New York*, 2018 U.S. Dist. LEXIS 18909, 2018 WL 736008, at *3-4 (E.D.N.Y. Feb. 5, 2018) (same); *Senno v. Elmsford Union Free Sch. Dist.*, 812 F. Supp. 2d 454, 471 (S.D.N.Y. 2011) (same); *Morey v. Somers Cent. Sch. Dist.*, No. 06cv1877, 2007 U.S. Dist. LEXIS 20265, 2007 WL 867203, at *5 (S.D.N.Y. Mar. 21, 2007) (same). Thus, Defendants' arguments for the doctrine of res judicata, or claim preclusion/collateral estoppel, should be rejected here, and any application for collateral estoppel should be construed in Mr. Severin's favor based on Hearing Officer Brown's decision finding clear evidence of retaliatory animus by Principal Dorcely against Mr. Severin that triggered the unfortunate chain of events leading to Mr. Severin's termination.

## POINT III

**DEFENDANTS WAIVED THEIR RIGHT FOR THEIR JOINT MOTION ARGUMENTS WHEN THEY FILED AN ANSWER.**

Defendants put forth no good faith reason why they did not move to dismiss the action if they did not believe Mr. Severin stated a valid cause of action upon the filing of the

complaint. No facts have changed that warrant Defendants seeking to move by Rule 12(c) after the filing of their answer. Defendants merely are attempting to shield their clients from being deposed on the clearly retaliatory actions taken against Mr. Severin.

Therefore, any further motion practice should be deferred until a discovery period is concluded in this case.

## POINT IV

### PLAINTIFF HAS MADE A VALID CLAIM UNDER CSL § 75-B

In order to state a claim under CSL § 75-b, a plaintiff must disclose a violation of a law, rule or regulation that endangers public health or safety, or which he reasonably believes constitutes an improper government action, to a governmental body, and show a causal connection between the disclosure and an adverse personnel action. *Wetzel v. Town of Orangetown*, 2008 U.S. Dist. LEXIS 112370, *35-37 (S.D.N.Y. May 16, 2008).

Plaintiff has met his burden in bringing this claim. He clearly suffered an adverse personnel action, as he faced an increasingly hostile work environment from school administration after he raised these concerns and exhausted his union remedies.

## CONCLUSION

For the reasons set forth above, Defendants' motion should be denied in its entirety.

DATED:  New York, New York
May 22, 2020

>GLASS HARLOW & HOGROGIAN LLP
>85 Broad Street, 18th Floor - WeWork
>New York, NY 10004
>(212) 537-6859
>
>By:  /s: Bryan D. Glass
>BRYAN D. GLASS, ESQ.