19-CV-00775 (MKV) (RWL)

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

JEAN RICHARD SEVERIN,

                                Plaintiff,

- against -

NEW YORK CITY DEPARTMENT OF EDUCATION; STEVEN DORCELY, former Principal of Urban Action Academy High School; JORDAN BARNETT, former Assistant Principal of Urban Action Academy High School; MICHAEL PRAYOR, former Superintendent of Urban Action Academy High School,

                                Defendants.

**DEFENDANTS' JOINT REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION FOR JUDGMENT ON THE PLEADINGS**

*JAMES E. JOHNSON*
Corporation Counsel of the City of New York
  Attorney for New York City Department of Education,
  Steven Dorcely, and Michael Prayor
  100 Church Street
  New York, N.Y. 10007
  Of Counsel: Lillian P. Wesley
  Tel: (212) 356-2079
  Matter No. 2019-007788


*ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP*
  Attorney for Defendant Jordan Barnett
  One Battery Park Plaza, 4th Floor
  New York, N.Y. 10004
  Of Counsel: James E. Kimmel
  Tel: (212) 422-1200
  File No.: 32024

# **TABLE OF CONTENTS**

TABLE OF AUTHORTIES ................................................................................................ ii
PRELIMINARY STATEMENT ........................................................................................ 1
ARGUMENT....................................................................................................................... 1
      POINT I ................................................................................................................... 1

            DEFENDANTS DID NOT WAIVE THEIR RIGHT TO FILE A
           12(C) MOTION ....................................................................................... 1

      POINT II .................................................................................................................. 2

           PLAINTIFF DOES NOT HAVE A VIABLE RETALIATION
           CLAIM UNDER THE FIRST AMENDMENT OR N.Y. CIVIL
           SERVICE LAW § 75-B ........................................................................... 2

      POINT III ................................................................................................................ 5

           PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE
           OF RES JUDICITA AND COLLATERAL ESTOPPEL ........................... 5

CONCLUSION.................................................................................................................... 8

# **TABLE OF AUTHORTIES**

*Burhans v. Cnty. of Putnam*,
  No. 06 Civ. 8325 (DLC), 2011 U.S. Dist. LEXIS 31999 (S.D.N.Y. Mar. 25, 2011) ................. 3

*Denicolo v. Bd. of Educ. of N.Y.*,
  328 F. Supp. 3d 204 (S.D.N.Y. 2018) ........................................................................................ 6

Garcia v. Hartford Police Dep't,
  706 F.3d 120 (2d Cir. 2013) ........................................................................................................ 2

*Lafleur v. Whitman*,
  300 F.3d 256 (2d Cir. 2002) ........................................................................................................ 5

*Leftridge v. N.Y. City Dep't of Educ.*,
  No. 17-cv-7027, 2020 U.S. Dist. LEXIS 55423 (S.D.N.Y. Mar. 30, 2020) ............................... 5

*Matter of Kowaleski v. New York State Dep't of Correctional Servs.*,
  16 N.Y.3d 85 (2010). .................................................................................................................. 7

*Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*,
  429 U.S. 274 (1997) .................................................................................................................... 3

*Peterson v. N.Y.C Dep't of Educ.*,
  No. 18-cv-1515, 2020 U.S. Dist. LEXIS 88964 (E.D.N.Y. May 20, 2020) ............................... 5

*Zehner v. Jordan-Elbridge Bd. of Educ.*,
  666 F. App'x 29 (2d Cir. 2016) ................................................................................................... 3

# PRELIMINARY STATEMENT

Defendants respectfully submit this joint Reply Memorandum of Law in further support of their motion for judgment on the pleadings pursuant to Federal Civil Procedure Rule 12(c), and to respond to the arguments set forth in Plaintiff's Memorandum of Law in Opposition filed May 22, 2020 (ECF No. 38) ("Opposition Brief").

As discussed more fully below, not only does Plaintiff fail to address certain dispositive arguments made by Defendants in support of their motion, but the arguments he does include are unpersuasive. For example, in his Opposition Brief, Plaintiff fails to address Defendants' argument that his claims are barred by res judicata, that his State law claim is barred by the statute of limitations, and that his retaliation claims under the First Amendment and N.Y. Civil Service Law § 75-b are not viable because Defendants had an independent basis for taking the alleged retaliatory action of preferring disciplinary charges on him. Finally, even if his claims were to survive these infirmities, Plaintiff's claims are barred by collateral estoppel, as the prior administrative and State court proceedings clearly demonstrate that his retaliation claim was considered and necessarily decided (and rejected) in those proceedings. Accordingly, Defendants' motion should be granted.

# ARGUMENT

## POINT I

### DEFENDANTS DID NOT WAIVE THEIR RIGHT TO FILE A 12(C) MOTION

In his Opposition Brief, Plaintiff argues that Defendants are barred from making this motion under Fed. R. Civ. P. 12(c) because they chose to file an Answer rather than filing a

motion to dismiss under Fed. R. Civ. P. 12(b). *See* Opp. Brief (ECF No. 38) at 13–14,[1] This argument should be summarily rejected.

Not only is the filing of a pleading—which includes an Answer, *see* Fed. R. Civ. P. 7(a)—a prerequisite for the filing of a 12(c) motion, but the standards for deciding a motion for judgment on the pleadings under Rule 12(c) are identical to those for deciding a motion to dismiss made under Rule 12(b). *See* Defendants' Moving Brief (ECF No. 34) at 13–14. Thus, the language of the Rules and the caselaw developed thereunder plainly allow Defendants to file their motion. Indeed, acceptance of Plaintiff's argument would preclude an answering defendant from *ever* filing a Rule 12(c) motion. Not surprisingly, Plaintiff cites no case law supporting this argument, and it should be rejected.

## POINT II

### PLAINTIFF DOES NOT HAVE A VIABLE RETALIATION CLAIM UNDER THE FIRST AMENDMENT OR N.Y. CIVIL SERVICE LAW § 75-B

In his Opposition Brief, Plaintiff argues that he has stated a valid First Amendment retaliation claim because he "reported his supervisor, Principal Dorcely, for test fraud to the New York City Special Commissioner of Investigation . . . outside [Plaintiff's] chain of command," and because the complaint "clearly plead[s] a barrage of retaliatory actions by Principal Dorcely and the NYCDOE against him after he engaged in this protected activity under the First Amendment." Opp. Brief (ECF No. 38) at 10. Even assuming *arguendo* that Plaintiff "spoke as a citizen on a matter of public concern," *id.*, he cannot establish the requisite causal connection between that speech and the alleged retaliatory conduct – *i.e.*, that the protected

---

[1] References to page numbers in papers filed in this action are to those assigned by the Court's Electronic Court Filing system.

activity was "at least a substantial or motivating factor in the [adverse employment action]." *Garcia v. Hartford Police Dep't*, 706 F.3d 120, 130 (2d Cir. 2013).

As Defendants explain in their Moving Brief, Defendants can escape liability under the First Amendment if they can demonstrate that they would have taken the same adverse action in the absence of the protected speech. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle*, 429 U.S. 274, 287 (1997); *Zehner v. Jordan-Elbridge Bd. of Educ.*, 666 F. App'x 29, 31 (2d Cir. 2016). A separate and independent basis for the alleged retaliatory conduct similarly will relieve a defendant of liability under N.Y. Civil Service Law § 75-b. *See* Moving Br. (ECF No. 34) at 22.

Here, the record clearly demonstrates that even if Plaintiff had not filed his administrative complaint against Defendant Dorcely, DOE would have served him with disciplinary charges and sought his termination nonetheless. Plaintiff's own misconduct and poor performance—including his use of expletives and discriminatory language in front of students, deriding school policies promoting diversity and inclusiveness in the presence of students, and falling asleep while showing to his students an R-rated animation with adult themes and sexual references and containing the lyrics "I wanna ride your nuts because I think you are the man"; "It's OK to ride that dick" and "Now we're dick riding Obama"—would have led DOE to seek his termination. Indeed, Justice Hagler found that based on Plaintiff's conduct, it would be "shocking if we were to allow a teacher like [Plaintiff] to remain in [a] school . . ." *See* Wesley Decl. Ex. F (ECF No. 35-6) at 20:13-26.

Therefore, DOE's decision to prefer charges against Plaintiff and seek to terminate his employment was premised on several specifications of serious teacher misconduct, well supported by evidence and testimony, which led two hearing officers and a State court judge

to rule against Plaintiff. *See, e.g.*, *Burhans v. Cnty. of Putnam*, No. 06 Civ. 8325 (DLC), 2011 U.S. Dist. LEXIS 31999, at *14–15 (S.D.N.Y. Mar. 25, 2011) ("Given the independent determination of the hearing officer that there was probable cause to believe [plaintiff] was unfit to perform her job . . . plaintiff is unable as a matter of law to establish a causal connection between her protected speech and the defendants' resort to the [disciplinary] process."). Thus, Defendants had ample independent grounds for their actions.

As Plaintiff cannot demonstrate the requisite causal connection, Plaintiff's retaliation claims cannot be sustained and should be dismissed.[2]

Additionally, in their Moving Brief, Defendants argue that Plaintiff's claim under N.Y. Civil Service Law § 75-b is barred because the alleged retaliatory actions taken by Defendant Dorcely that form the basis of Plaintiff's claim occurred outside the one-year statute of limitations period. *See* Moving Br. (ECF No. 34) at 23–24. Plaintiff, however, does not even attempt to address this procedural deficiency, and instead argues the substantive elements of his claim. As that claim is time barred, this provides a further, independent basis on which to dismiss that claim.

---

[2] Defendants acknowledge that a *Mt. Healthy* defense typically is raised in a motion for summary judgment. However, given the record here, as annexed to the supporting Affirmation of Lillian Wesley dated April 30, 2020 ("Wesley Decl.") (ECF No. 35), and Plaintiff's failure to oppose Defendants' argument, the Court may properly consider this defense in deciding this Rule 12(c) motion.

# POINT III

## PLAINTIFF'S CLAIMS ARE BARRED BY THE DOCTRINE OF RES JUDICITA AND COLLATERAL ESTOPPEL

In their Moving Brief, Defendants argued that Plaintiff's claims were barred by res judicata. *See* Moving Br. (ECF No. 34) at 15–16. Plaintiff fails to address this argument in his Opposition Brief.

Defendants also argued that Plaintiff's claims are barred by collateral estoppel because he seeks to re-litigate issues that were necessarily decided at the two administrative proceedings and the State Court Proceeding. *See, e.g.*, *Leftridge v. N.Y. City Dep't of Educ.*, No. 17-cv-7027, 2020 U.S. Dist. LEXIS 55423, at *23–26 (S.D.N.Y. Mar. 30, 2020) (holding teacher collaterally estopped from bringing discrimination claims because the § 3020-a hearing and the subsequent Article 75 review determined that termination was not based on impermissible discrimination and was justified). In his Opposition Brief, Plaintiff asserts this his claims are not barred because his retaliation claims were not addressed in the three prior proceedings. This is simply not the case.

Here, Plaintiff complains that his rights were violated because he was charged with misconduct and terminated in retaliation for having reported Dorcely to the New York City Special Commissioner of Investigation. However, Plaintiff raised this same retaliation theory as a defense in the 2016 and 2017 § 3020-a hearings, and testified at length about the exact allegations asserted here in his Complaint. As Defendants explained in their Moving Brief (ECF. No. 34) at 16–18, Hearing Officers Brown and Williams both took into account the relationship between Plaintiff and Dorcely, and necessarily rejected Plaintiff's retaliation defense in upholding the charges against him. Similarly, Plaintiff's retaliation theory was also central to Plaintiff's Article 75 Petition, as Justice Hagler himself noted: "the argument that these charges

were sustained as a result of the animus that the principal had to petitioner really goes to the heart of the issue." *See* Wesley Decl. Ex. F (ECF No. 35-6) at 20:5-7. Because this Court cannot give favorable weight to Plaintiff's retaliation theory without directly contradicting the findings of all three prior decisions, Plaintiff's claims of relation were necessarily decided in the prior proceedings and barred from consideration here by the doctrine of collateral estoppel. *See Lafleur v. Whitman*, 300 F.3d 256, 273 (2d Cir. 2002); *Peterson v. N.Y.C Dep't of Educ.*, 18-cv-1515, 2020 U.S. Dist. LEXIS 88964, at *9 (E.D.N.Y. May 20, 2020).

In his Opposition Brief, Plaintiff argues that the three prior proceedings are devoid of any analysis of his retaliation claim and are therefore not barred here. Opp Br. (ECF No. 38) at 9. To support his position, Plaintiff primarily relies on *Denicolo v. Bd. of Educ. of N.Y.*, 328 F. Supp. 3d 204 (S.D.N.Y. 2018), and also cites to cases where courts have not applied collateral estoppel because the record did not indicate that the hearing officer "addressed, much less actually decided" that 3020-a charges were retaliatory. *Id.* at 8–10.

Plaintiff's reliance on *Denicolo* is unavailing. The plaintiff in *Denicolo* argued that she was terminated from her teaching position at P.S. 195 because she filed complaints about the school to the United States Department of Education's Office of Civil Rights ("OCR"). Defendants argued that her retaliation claim had already been litigated (and, therefore, was subject to collateral estoppel) because at her § 3020-a hearing she had argued that she was seen as a "meddler" in the eyes of the administration because of her OCR complaint. *Denicolo*, 328 F. Supp. 3d at 210. However, the Court rejected the collateral estoppel argument because the hearing officer's decision did not address whether the termination charges were driven by retaliatory intent. *Id.* at 212 ("[T]he defendants are unable to point to any decision by the hearing

6

officer on retaliation, and the Court has similarly found no decision by the hearing officer on the issue of retaliation.").

Therefore, *Denicolo*, as well as the other cases on which Plaintiff relies, are entirely distinguishable from the case here, where Dorcely's alleged animus towards Plaintiff (i) was described in detail through testimony at the § 3020-a hearings, (ii) was central to Plaintiff's defense in all three proceedings, and (iii) was addressed and analyzed in both § 3020-a decisions, and was further deemed as being "at the heart of the issue" in his State Court Proceeding. Thus, Plaintiff's retaliation claim was at issue in the prior proceedings, and was necessarily decided and rejected by the decisions issued. In fact, had Justice Hagler not considered and determined Plaintiff's retaliation defense on the merits, this would have required vacatur of the hearing officer's decisions. *See Matter of Kowaleski v. New York State Dep't of Correctional Servs.*, 16 N.Y.3d 85, 91 (2010).

Plaintiff also argues that the 2016 § 3020-a decision "bespeaks a finding of retaliation against Mr. Severin in Mr. Severin's favor, and could be construed as a basis for collateral estoppel against Defendants" and that the 2017 § 3020-a decision "issued no decision or analysis whatsoever" on retaliation. *See* Opp. Br. at 9. This description of the 2017 decision is misleading. First, Hearing Officer Williams found that Plaintiff's testimony that he was a "victim of conspiracy between the administration and certain students" was not credible. *See* Wesley Decl. Ex. C (ECF No. 35-3) at 35. Further, he dedicated a portion of his decision describing *Plaintiff's* own animosity towards Dorcely: "under closer examination, [Plaintiff's] outburst was brought on by his personal frustration stemming from his personal animosity towards [Dorcely]. The actions of the students were secondary to his contempt and lack of respect for [Dorcely]. . .

7

At the crux of [Plaintiff's] misconduct is his personal inability to let his resentment go and to a lesser extent his ability to confirm to directives." *Id.* at 35–36.

As the prior administrative and State court decisions actually and necessarily decided that the disciplinary charges leading to Plaintiff's termination were not motivated by retaliatory intent, Plaintiff's retaliation claims in this action are barred by the doctrine of collateral estoppel. *See* Moving Br. (ECF No. 34) at 20, and cases cited therein.

## **CONCLUSION**

For the foregoing reasons and those set forth in their moving papers, Defendants respectfully request that their motion be granted, that Defendants be awarded judgment on the pleadings, and that Defendants be awarded costs, fees, and expenses, together with such other and further relief as this Court deems just and proper.

Dated:	June 8, 2020
	New York, New York

| | |
|---|---|
| ABRAMS, GORELICK, FRIEDMAN & JACOBSON, LLP<br>*Attorney for Defendant Jordan Barnett*<br>One Battery Park Plaza- 4th Floor<br>New York, NY 10004<br>(212) 422-1200 | JAMES E. JOHNSON<br>Corporation Counsel of the<br>　City of New York<br>*Attorney for Defendants New York City Department of Education, Steven Dorcely, and Michael Prayor*<br>100 Church Street<br>New York, New York 10007<br>(212) 356-2079 |
| By:　　s/<br>　　JAMES E. KIMMEL, ESQ. | By:　　s/<br>　　LILLIAN P. WESLEY<br>　　Assistant Corporation Counsel |